IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

LAVENDA HOOD                                                                                              PLAINTIFF

VS.                                            3:14-CV-00054-BRW

HARTFORD LIFE AND ACCIDENT
INSURANCE CO.                                                                                            DEFENDANT

## ORDER

Pending is Defendant's Motion for Judgment on the Pleadings (Doc. No. 11). Plaintiff has responded.[1] The motion is DENIED.

## I.  BACKGROUND

The undisputed facts are: Plaintiff's spouse was injured and eventually died on June 18, 2008. The decedent had a accidental death and dismemberment policy with Defendant, so Plaintiff submitted a proof of loss on July 16, 2008. After requesting more information from Plaintiff, Defendant denied the claim on October 6, 2008, and on November 20, 2008 denied her appeal of the initial decision. Plaintiff filed this lawsuit on October 4, 2013.

Defendant argues that it is entitled to a judgment on the pleadings because the "Legal Action" section of the policy reads: "You cannot take legal action against us . . . after 3 years . . . following the date the proof of loss is due."[2] According to Defendant, the policy required Plaintiff to file suit before September 16, 2011. Alternatively, Defendant asserts that even if the five-year limitations period applies this suit is still untimely, because it should have been filed before July 16, 2014, five years after Plaintiff submitted the proof of loss.

---

[1] Doc. No. 15.

[2] Doc. No. 2.

1

## II.     DISCUSSION

The Eighth Circuit has already addressed this exact argument, with the same Defendant. After recognizing that "actions to enforce written obligations" have a five-year statute of limitations under Ark. Code Ann. § 16-56-111, the court held that "Hartford's policy impermissibly shortened the time for [the insured] to bring an action on his life insurance policy to something less than five years. Such provision in the policy is therefore void pursuant to subdivision (b) of [Ark. Code Ann.] section 23–79–202."[3] Accordingly, Defendant's argument that Plaintiff's case is barred based on the policy's three-year limitations period is without merit.

Defendant also argues that Plaintiff's case is time-barred by the statutory five-year limitations period because "Arkansas law provides that the submission of proof of loss _may_ commence a limitations period."[4] However, under the statute mentioned above, the cause of action accrues "the moment the right to commence an action comes into existence, and occurs when one party has, by words or conduct, indicated to the other that the agreement is being repudiated or breached."[5] Here, the cause of action did not accrue until, at the earliest, Defendant initially denied Plaintiff's claim on October 6, 2008, or at the latest, when Defendant denied Plaintiff's appeal on November 20, 2008.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Judgment on the Pleadings (Doc. No. 11) is DENIED.

IT IS SO ORDERED this 16th day of May, 2014.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[3] *Graham v. Hartford Life and Acc. Ins. Co.*, 677 F.3d 801, 804 (8th Cir. 2012).

[4] Doc. No. 12 (emphasis added).

[5] *Shelter Mut. Ins. Co. v. Nash*, 184 S.W.3d 425, 429 (Ark. 2004).